JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE URIBE, an individual, ) | CASE NO. CV 15-9053-R |
| ) | |
| Plaintiff, ) | ORDER GRANTING PLAINTIFF'S |
| ) | MOTION TO REMAND |
| vs. ) | |
| ) | |
| WELLS FARGO BANK, N.A., and DOES 1 ) | |
| through 10, inclusive, ) | |
| ) | |
| Defendants. ) | |

Before the Court is Plaintiff's Motion to Remand, which was filed on November 30, 2015. (Dkt. No. 8). Having been thoroughly briefed by both parties, this Court took the matter under submission on January 27, 2016.

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed in the federal court at the time the complaint was filed. 28 U.S.C.

§ 1441(a). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Id*. Accordingly, federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id*.

For a federal court to exercise diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). A defendant seeking removal must "be held to a higher burden than showing a mere possibility that the jurisdictional amount is satisfied." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155-56 n.2 (6th Cir. 1993) (abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010))). In order to survive remand, the removing defendant must demonstrate that the amount in controversy requirement is satisfied by a preponderance of the evidence. *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010). When the amount in controversy is unclear from the face of the Complaint, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 566-67. "Conclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003).

Defendant claims that the jurisdictional amount is satisfied because Plaintiff seeks to enjoin the foreclosure of his property, in which case the amount in controversy should be measured by either the value of the property or the loan. The Complaint, however, does not allege wrongful foreclosure, or even that Defendant has taken steps to initiate a foreclosure. The gravamen of Plaintiff's Complaint is that he was denied a good-faith loan modification review. "Courts have roundly rejected the argument that the amount in controversy is the entire amount of the loan where a plaintiff seeks injunctive relief to enjoin a foreclosure sale *pending a loan modification*." *Vergara v. Wells Fargo Bank, N.A.*, 2015 WL 1240421, at *2 (C.D. Cal. Mar. 17, 2015) (emphasis in original); *see also Steele v. J.P. Morgan Chase Bank, N.A.*, 2015 WL 4272276, at *3 (C.D. Cal. Jul. 14, 2015) ("This is not a typical 'wrongful foreclosure' case, as Plaintiffs are not asserting that the mortgage loan should be invalidated or rescinded, and are not seeking a

permanent injunction. Plaintiffs merely seek a final decision on their loan modification application, and ask the Court to enjoin Defendant from pursuing foreclosure until it has properly complied with HBOR's requirements for loan-modification application review"). The cases cited by Defendant—where the amount in controversy was measured by the value of the property or the loan—are distinguishable in that the foreclosures there had already been initiated. *See Mouri v. Bank of N.Y. Mellon*, 2014 U.S. Dist. LEXIS 170365, at *4, 10 (C.D. Cal. Dec. 9, 2014); *accord Major v. Wells Fargo Bank, N.A.*, 2014 WL 4103936, at *1-2 (S.D. Cal. Aug. 18, 2014). Defendant has failed to meet its burden of proving the jurisdictional amount, and Plaintiff's Motion to Remand must be GRANTED.

The Court, however, denies Plaintiff's request for attorneys' fees in connection with this motion. The removal statute permits the Court, upon remand, to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). Here, although Defendant has failed to prove the requisite jurisdictional amount, Defendant's reliance on non-binding case law was an objectively reasonable basis for seeking removal. *See Vergara*, 2015 WL 1240421, at *3.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is GRANTED. (Dkt. No. 8). Plaintiff's request for attorneys' fees is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss is DENIED as moot. (Dkt. No. 5).

Dated: February 1, 2016.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE